# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:25-CV-00077-JHM**

**ANTONIO COLEMAN**                                                          **PLAINTIFF**

**v.**

**DR. HACKMAN, *et al.***                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Antonio Coleman is incarcerated at the Kentucky Correctional Psychiatric Center ("KCPC").  [DN 1].  In a state-court criminal action, the Jefferson Circuit Court concluded that Plaintiff was incompetent to stand trial for his current criminal charges.  *See Commonwealth of Kentucky v. Antonio Coleman*, Criminal Action No. 24-CR-1141 (Jefferson Circuit Court).[1] Plaintiff is currently committed to the custody of KCPC.  Plaintiff sues KCPC and Dr. Hackman, a forensic psychiatrist at KCPC, in his individual and official capacities.  Plaintiff alleges that on February 3, 2025, Dr. Hackman came to Plaintiff's cell and tried to get him "to evaluate with him." [*Id.* at 4].  Plaintiff states that he informed Defendant Hackman that he did not want "to evaluate with him."  Plaintiff represents that Defendant told him that he would have to "evaluate with him."  Plaintiff states that he knows his rights and attaches a copy of Ky. Rev. Stat. § 202C.140 as an

---

[1] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record."  *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

exhibit.

As relief, Plaintiff seeks money damages and release from KCPC.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

2

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  KCPC

A state agency like KCPC is not a "person[ ]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KCPC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

"KCPC's operations fall under the auspices and authority of the Commonwealth of Kentucky's Cabinet for Health and Family Services . . . [and], as a division of the Commonwealth of Kentucky's Cabinet for Health and Family Services, [ ] KCPC is entitled to . . . immunity from suit and Eleventh Amendment protection from § 1983 claims[.]" *Burnett v. Ky. Corr. Psychaitic [sic] Ctr.*, No. 0:16-CV-117-HRW, 2016 WL 6780327, at *2–3 (E.D. Ky. Nov. 15, 2016).

Thus, Plaintiff's claim against KCPC will be dismissed for failure to state a claim and for seeking monetary relief from a defendant immune from such relief.

**B. Official-Capacity Claim**

Plaintiff sues Defendant Hackman in his official capacity. Defendant Hackman is a psychiatrist at KCPC. As such, he is a state official. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Moreover, claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Plaintiff's official-capacity claim for monetary damages against Defendant Hackman must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

Additionally, the injunctive relief Plaintiff seeks—release from KCPC—is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); *O'Bannon v. K.C.P.C.*, No. 3:23-CV-P436-JHM, 2024 WL 647390, at *4 (W.D. Ky. Feb. 15, 2024) (same).

Accordingly, Plaintiff's official-capacity claim against Defendant Hackman for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

### C.  Individual-Capacity Claim

Plaintiff, currently a patient at KCPC, asserts a claim against Defendant Hackman for attempting to evaluate him.  The Court can discern no constitutional claim against Defendant Hackman based on this allegation.

Additionally, in as much as Plaintiff alleges that Dr. Hackman violated Ky. Rev. Stat. § 202C.140, Rights of Involuntarily Committed Patients, a violation of state law does not give rise to a § 1983 claim.  *See Colvin v. Wilson*, No. 5:23-CV-P142-JHM, 2024 WL 5089579, at *5 (W.D. Ky. Dec. 12, 2024) (citing *Williams v. Burgess*, No. 5:21-CV-99-TBR, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007) ("The purpose of § 1983 is to remedy violations of federal law, not state law.")); *see also Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.").

Therefore, Plaintiff's individual-capacity claim against Defendant Hackman must be dismissed for failure to state a claim upon which relief may be granted.

### IV.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:  May 12, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.014

5